IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MATTHEW FOLDI, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BETHANY MANDEL | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| | ) | Case No. 8:23-cv-3089 |
| | ) | |
| BOARD OF EDUCATION FOR | ) | **COMPLAINT** |
| MONTGOMERY COUNTY; KARLA | ) | |
| SILVESTRE, BRENDA WOLFF, | ) | **DEMAND FOR A JURY TRIAL** |
| GRACE RIVERA-OVEN, SHEBRA | ) | |
| EVANS, LYNNE HARRIS, JULIE | ) | |
| YANG, and REBECCA | ) | |
| SMONDROWSKI, *individually and in* | ) | |
| *their official capacities as members of the* | ) | |
| *Board of Education,* MONIFA | ) | |
| McKNIGHT, *individually and in her* | ) | |
| *official capacity as Superintendent of* | ) | |
| *Montgomery County Public Schools,* and | ) | |
| ELICIA EBERHART-BLISS, GWEN | ) | |
| FILIPIAK, CHRIS KNOCKE, KRISTI | ) | |
| LICARE, SHAUN SAWKO, and HOLLY | ) | |
| VAN PUYMBROECK, *individually and* | ) | |
| *in their official capacities.* | ) | |
| | ) | |
| *Defendants.* | ) | |

## INTRODUCTION

1.       Montgomery County Board of Education, through its members Defendants Karla

Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and

Rebecca Smondrowski, along with Defendant Superintendent of Montgomery County Public

Schools Monifa McKnight, while acting under color of law, deprived Plaintiffs Matthew Foldi and

Bethany Mandel of rights secured to them by the Constitution of the United States and the

Maryland Open Meetings Act ("OMA") when they denied them access to the June 27, 2023, Montgomery County Board of Education meeting.

2.      Defendants Elicia Eberhart-Bliss, Gwen Filipiak, Chris Knocke, Kristi Licare, Shaun Sawko, and Holly Van Puymbroecki, while acting under color of law, further violated the First Amendment rights of Plaintiff Bethany Mandel and her rights under the Maryland Bill of Rights by restricting her ability to comment on an official Montgomery County Public Schools' social media account based on her viewpoint.

### PARTIES

3.      Plaintiff Matthew Foldi ("Mr. Foldi") is a resident and taxpayer of Montgomery County, Maryland. Mr. Foldi is also a reporter for The Spectator and was a candidate in the 2022 Republican primary in Maryland's 6th Congressional District, which encompasses Montgomery County.

4.      Plaintiff Bethany Mandel ("Ms. Mandel") is a resident and taxpayer of Montgomery County, Maryland, and a parent of school-aged children. Ms. Mandel is also a columnist for several national publications, including The Spectator, Fox News, Real Clear Politics, Newsweek, and the New York Post. She is also the author of the book *Stolen Youth*. In Ms. Mandel's books and columns, she discusses educational literature and policies interfering with parents' rights to raise their children according to their belief system.

5.      Montgomery County Board of Education ("the School Board") is a government entity authorized by the State of Maryland to administer Montgomery County Public Schools ("MCPS"). Md. Code Ann., Educ. Art. §§ 3-103, 3-104(a). Its principal place of business is the Carver Educational Services Center, 850 Hungerford Drive, Rockville, Maryland.

6.      At all relevant times herein, Defendants Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, were elected representatives to the School Board, which controls educational matters that affect Montgomery County and are authorized to adopt educational policies, rules, and regulations for MCPS, as long as they are consistent with state law. Md. Code Ann., Educ. Art. §§4-101, 4-108.

7.      Defendants Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, while acting under color of law on behalf of the School Board, violated the law because all actions of the School Board are to be taken at a public meeting. The public has a right to attend those public meetings. Md. Code Ann., Educ. Art. §3-204, MD GEN PROVIS §  3-303.

8.      Defendant Monifa McKnight is the Superintendent of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant McKnight is named in her individual and official capacity.

9.      Defendant Karla Silvestre is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Silvestre is named in her individual and official capacity.

10.      Defendant Brenda Wolff is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Wolff is named in her individual and official capacity.

11.      Defendant Grace Rivera-Oven is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Rivera-Oven is named in her individual and official capacity.

12.     Defendant Shebra Evans is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Evans is named in her individual and official capacity.

13.     Defendant Lynne Harris is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Harris is named in her individual and official capacity.

14.     Defendant Julie Yang is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Yang is named in her individual and official capacity.

15.     Defendant Rebecca Smondrowski is an elected member of the School Board. At all relevant times acting under color of state law and upon information and belief, Defendant's actions directly harmed Plaintiffs. Defendant Smondrowski is named in her individual and official capacity.

16.     Elicia Eberhart-Bliss ("Eberhart-Bliss") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

17.     Upon information and belief, at all relevant times, Eberhart-Bliss had control of the MCPS Staff Pride Group's X account.

18.     At all relevant times, Eberhart-Bliss acted under the color of state law.

19.     She is sued in her individual and official capacity.

20.     Gwen Filipiak ("Filipiak") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

21.     Upon information and belief, at all relevant times, Filipiak had control of the MCPS Staff Pride group's X account.

22.     At all relevant times, Filipiak acted under the color of state law.

23.     She is sued in her individual and official capacity.

24.     Chris Knocke ("Knocke") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

25.     Upon information and belief, at all relevant times, Knocke had control of the MCPS Staff Pride group's X account.

26.     At all relevant times, Knocke acted under the color of state law.

27.     He is sued in his individual and official capacity.

28.     Kristi Licare ("Licare") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

29.     Upon information and belief, at all relevant times, Licare had control of the MCPS Staff Pride group's X account.

30.     At all relevant times, Licare acted under the color of state law.

31.     She is sued in her individual and official capacity.

32.     Shaun Sawko ("Sawko") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

33.     Upon information and belief, at all relevant times, Sawko had control of the MCPS Staff Pride group's X account.

34.     At all relevant times, Sawko acted under the color of state law.

35.     He is sued in his individual and official capacity.

36.     Holly Van Puymbroeck ("Van Puymbroeck") is an MCPS employee and is part of the MCPS Staff Pride group leadership.

37.     Upon information and belief, at all relevant times, Van Puymbroeck had control of the MCPS Staff Pride group's X account.

38.     At all relevant times, Van Puymbroeck acted under the color of state law.

39.     She is sued in her individual and official capacity.

## JURISDICTION AND VENUE

40.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

41.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the federal claims arise under the Constitution and laws of the United States.

42.     This Court has supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367(a).

43.     Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202.

44.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

45.     Upon information and belief, in October 2022, the School Board, through the actions of the individual defendants, including Defendant Superintendent Monifa McKnight and Defendant School Board members Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, publicly announced the approval of over twenty-two LGBTQ-themed books for use in the classroom.

46.     Following that announcement, several parents began requesting to opt their children out of classroom instruction where these books were used.

47.     On March 22, 2023, an MCPS spokesperson received a media inquiry about parents' right to opt their children out of lessons that involved these books or other LGBTQ-related

issues. In a public statement, the spokesperson confirmed that parents could choose to opt their children out of lessons involving these specific books and that the teacher would find an alternative book for the student that aligns with the curriculum.

48.     On March 23, 2023, the School Board issued a statement reversing the Spokesperson's statement. It gave a public statement titled: "Revised Message Regarding the Use of Inclusive Texts," which made clear that parents and families will not be allowed to opt out of engaging with any instructional materials and that parents would no longer be notified when "inclusive" books are used in classrooms.

**I.      Parents Publicly Criticize MCPS for Removing the Ability to Opt-Out**

49.     Following the statement titled "Revised Message Regarding the Use of Inclusive Texts," a representative from Moms for Liberty spoke at the March 28, 2023, school board meeting to protest the decision to end parental opt-outs. At that time, the representative from Moms for Liberty was the only speaker who brought up the revised opt-out policy.

50.     In response to the representative from Moms for Liberty, Defendant Harris stated that "saying that a kindergartner can't be present when you read a book about a rainbow unicorn because it offends your religious rights or your family values or your core beliefs is just telling that kid, 'here's another reason to hate another person.'"

51.     Defendant Harris's statement resulted in negative media coverage for the School Board.

52.     At the April 11, 2023, School Board public meeting, numerous parents spoke out about the change in the opt-out policy during public comment.

53.     The number of parents, students, and community members who spoke out at public comment against removing the opt-out continued to grow at the May 11, 2023, and May 25, 2023, School Board meetings.

54.     On May 24, 2023, three families filed a lawsuit in the Federal District Court for the District of Maryland asking for the Court to enter a preliminary injunction against the School Board and Superintendent McKnight, prohibiting them from denying a parent the ability to opt her children out of lessons involving books that violated her religious beliefs. *Mahmoud v. McKnight*, No. CV DLB-23-1380, 2023 WL 5487218 (D. Md. Aug. 24, 2023). This Court denied the preliminary injunction on August 24, 2023.

55.     Before the June 6, 2023, School Board meeting, scores of parents and community members gathered outside the Carver Educational Services Building. They held a peaceful rally supporting their right to a parental opt-out. The rally received significant local and national media attention, as did MCPS's decision to end the parental opt-out.

56.     During the June 6, 2023, School Board meeting, the number of individuals speaking out against the opt-out was higher than at any previous session, and those individuals made up most of the speakers.

57.     On June 6, 2023, one of the speakers at the meeting was a female Muslim student who testified about her discomfort with the LGBTQ-themed books required by the MCPS curriculum. In response, Defendant Harris said she felt "kind of sorry" for the girl and wondered to what extent she may have been "parroting dogma" learned from her parents.

58.     Again, Defendant Harris's comments led to significant negative media coverage.

59.     After the June 6, 2023, School Board meeting, Mr. Foldi and Ms. Mandel decided that they would attend the June 27, 2023, meeting.

## II.    MCPS Violates Plaintiffs' Constitutional and Statutory Rights by Denying Them Access to the June 27, 2023, School Board Meeting

60.    On June 16, 2023, the director of a local chapter of a Muslim group told a local media outlet that a rally was planned at the School Board's June 27, 2023, meeting for the restoration of the opt-out option. Em Espey, *More protests planned at MCPS headquarters over LGBTQ+ inclusive books* (Jun. 16, 2023), https://bit.ly/47bMhMy.

61.    For the June 27, 2023, school board meeting, upon information and belief, Defendant Superintendent Monifa McKnight and Defendant School Board members Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, acting through color of state law, sent out an agenda to the public the week before, titled *Policy ABC, Parent and Family Involvement.* Montgomery County Public Schools, *Board of Education to Hold Business Meeting Today, June 27, 2023* (Jun. 27, 2023), https://bit.ly/3sf4om0.

62.    On June 26, 2023, in response to the public criticism and media coverage of its decision to end parental opt-outs, Defendants Superintendent Monifa McKnight, Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, acting under color of state law, upon information and belief, posted the following message to MCPS website and its official X account:

> "Because of the interest in the upcoming Board of Education meeting on Tuesday, June 27, the following safety measures will be implemented. Access to the Carver Educational Services Center building at 850 Hungerford Dr. in Rockville will be limited to scheduled speakers and invited attendees. The parking lot on the east side of the building is the designated area for any large group gatherings. We remind you that all public Board of Education meetings can be viewed online at the district website, the MCPS-TV YouTube channel and on MCPS-TV on Comcast Channel 34 (HD 1071), Verizon Channel 36, RCN Channel 89." Montgomery County Public Schools. *Public Access Safety Message Concerning CESC for June 27* (Jun.

26, 2023), https://bit.ly/3QF5WyT. See also @MCPS, TWITTER (Jun. 26, 2023), https://bit.ly/3sfkYSC.

63.     At the beginning of the meeting on June 27, 2023, the School Board voted to enter closed session from 1:00 p.m. to 3:30 p.m. to discuss: (1) quasi-judicial matters outside the purview of the Open Meetings Act, (2) administrative matters related to the capital budget and operating budget strategy, (3) personnel matters, and (4) legal advice regarding a federal litigation matter." Montgomery County Public Schools. *Memorandum for June 27, 2023*. (Jun. 27, 2023), https://bit.ly/46VRTe2.

64.     The School Board began the closed session at 1:12 p.m., concluded the closed session at 3:23 p.m., and reconvened the meeting in open session at 3:38 p.m. Montgomery County Board of Education, Informational Summary. *MCPS June 27 Minutes*, at 3 (Jun. 27, 2023).

65.     The Defendants, acting under color of state law, only allowed invited attendees and pre-selected speakers to physically attend the open session portion of the meeting and prohibited the public at large, including the Plaintiffs, from attending the open session portion of the meeting. Upon information and belief, this action was taken by the Defendants to prevent what would be an overwhelming number of people opposed to MCPS's opt-out policy from assembling and expressing themselves in the meeting room, to avoid media coverage, and to mitigate the negative political impact of MCPS's policy denying parents their opt-out rights and the statements made by the Defendants justifying this.

66.     On June 27, 2023, while the School Board was meeting in closed session, Mr. Foldi and Ms. Mandel joined hundreds of parents and community members who attended a peaceful rally outside the Carver Educational Services Building.

67.     When Mr. Foldi identified himself as a member of the press and asked to attend the meeting, Mr. Foldi was denied access as he was not invited by the Defendants or a pre-selected speaker.

68.     After conducting its business, which included a debate of *Policy ABC, Parent and Family Involvement,* the School Board adjourned the open meeting at 9:00 p.m. Montgomery County Board of Education, Informational Summary. *MCPS June 27 Minutes*, at 7 (Jun. 27, 2023).

69.     Defendants remain unfettered in their ability to deny public attendance at open session meetings.

**III.     MCPS Staff Pride Group Blocks Ms. Mandel on Social Media**

70.     The MCPS Staff P.R.I.D.E. group is led and controlled by Defendants Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymroeck acting under color of law.

71.     The group is self-described on its X account as "[a] safe, affirming professional & social network for MCPS staff who identify as part of the LGBTQIA+ community. Resources and reminders for MCPS schools & offices." @PRIDEeducators, TWITTER (Nov. 1, 2023), https://twitter.com/PRIDEeducators.



72.     The group is limited to Defendants Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymbroeck, acting under color of law as MCPS employees. Those looking to join are asked to email the group's leaders at their official MCPS email accounts.



73.     The MCPS official website provides a link to information on a "Staff Affinity Page," which links to the MCPS Staff P.R.I.D.E. group webpage. Montgomery County Public Schools, *LGBTQ+ Information*, (Accessed Nov. 1, 2023) https://bit.ly/45UQC5M.





74.     The MCPS Staff P.R.I.D.E. group, controlled by Defendants Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymbroeck, under color of law, uses its X account to share LGTBQ-themed educational resources, events, and announcements for and about the MCPS school community.

75.     The group, controlled by Defendants Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymbroeck, under color of law, as the MCPS Staff P.R.I.D.E. group,

intentionally opened its X account for the public to engage in discourse by replying to its posts, liking its posts, or sharing its posts, but only for those who share their viewpoints. See screenshots on pg. 16 and 17 below.[1]



[1] Screenshot 1: @PRIDEeducators, X (Aug. 30, 2023), https://bit.ly/46USOLV.
Screenshot 2: @PRIDEeducators, X (Oct. 6, 2023), https://bit.ly/3s9gFIM.
Screenshot 3: @PRIDEeducators, X (Oct. 4, 2023), https://bit.ly/3QrTJMZ.
Screenshot 4: @PRIDEeducators, X (Aug. 25, 2023), https://bit.ly/3SkyDma.
Screenshot 5: @PRIDEeducators, X (Aug. 4, 2023), https://bit.ly/45TMrHv.
Screenshot 6: @PRIDEeducators, X (Jun. 29, 2023), https://bit.ly/40kUwUp.
Screenshot 7: @PRIDEeducators, X (Jun. 9, 2023), https://bit.ly/45TMEuh.
Screenshot 8: @PRIDEeducators, X (Jun. 17, 2023), https://bit.ly/3MvfFW2.



76.     In a series of posts beginning in November 2022, Ms. Mandel used her X account

to share a different viewpoint and to criticize MCPS's decision through the individual defendants

to use the LGBTQ-themed books as part of MCPS' curriculum and the decision not to allow parents to opt their children out of lessons involving those books. @bethanyshondark, TWITTER (Nov. 18, 2022) https://bit.ly/47b8sCA, *See also* @bethanyshondark, TWITTER (Mar. 24, 2023) https://bit.ly/3MuQQJV.



77.     Shortly before June 27, 2023, and in retaliation against Ms. Mandel for her views opposing MCPS's decisions, Defendants Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Puymroeck, upon information and belief and acting under color of law individually or collectively, blocked Ms. Mandel from following and interacting with the MCPS Staff P.R.I.D.E. group's X account - @MCPS_StaffPRIDE.[2] As a result, she cannot view posts from the account. She cannot reply to those posts. And she cannot share those posts with her commentary.

---

[2] On or about August 24, 2023, the @MCPS_StaffPRIDE account changed its X handle to @PRIDEeducators.



78.     Defendants, through the MCPS Staff P.R.I.D.E. group's X account blocking of Ms. Mandel, violated MCPS's stated "best practices" contained on its webpage "Social Media Best Practices for Employees." According to MCPS, "[i]n alignment with recent court decisions, MCPS employees posting to social media in a professional capacity should not block users or delete comments on their own initiative." Montgomery County Public Schools, *Social Media Best Practices for Employees* (Accessed Nov. 1, 2023) https://bit.ly/3Mv7d9l.

### Posting to Social Media

You're encouraged to use MCPS computers or other professional devices to update professional accounts. Use good judgment when posting to social media accounts. Treat your professional social media account like an extension of your workplace. Be respectful of diverse opinions and beliefs of other employees, parents/guardians and others in the school community. Consider how you would feel if what you posted was published on the front page of The Washington Post or its website, for instance, or went viral. Keep in mind that the same rules apply when sharing other people's content, including retweeting and sharing links, so it is important to think critically when determining what to share.

In alignment with recent court decisions, MCPS employees posting to social media in a professional capacity should not block users or delete comments on their own initiative. If you have concerns about the behavior of a user on your social media channels, please contact the Department of Communications.

79.     Despite the directive contained on its own "Social Media Best Practices for Employees" webpage, Defendants, in their operation of the official MCPS Staff Pride's X account, systematically discriminate based on viewpoint, as a custom, pattern, and practice, thus flagrantly violating the MCPS policy on "encouraging diverse opinions and beliefs." Instead, Defendants block users on their own initiative.

80.     To date, Plaintiff continues to be blocked by Defendants and, upon information and belief, Defendants have and continue to block social media accounts on their own initiative based on the viewpoint of the accounts.

## CLAIMS FOR RELIEF

### COUNT I

**42 U.S.C. §1983**
**Violation of Matthew Foldi's and Bethany Mandel's Rights under the First Amendment of the U.S. Constitution**
**(as to the Members of the Board of Education for Montgomery County and the Superintendent of Montgomery County Public Schools)**

81.     Mr. Foldi and Ms. Mandel repeat paragraphs 1-80.

82.     Section 1983 of Title 42 of the United States Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….".

83.     Section 1983 establishes a cause of action against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.

84.     To state a legally cognizable claim under Section 1983, Plaintiffs "must establish three elements: (1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law." *Schiffbauer v. Schmidt*, 95 F. Supp. 3d 846, 851 (D. Md. 2015) (*citing Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

85.    Defendants' conduct deprived and continues to deprive Plaintiffs of their rights, privileges, and immunities secured by the Constitution and laws of the United States, including their rights to freedom of speech, freedom of expression, freedom of association, freedom to petition the government, freedom to read and listen to the speech of others on social media, and freedom from invidious race- and class-based discrimination, protected by the First and Fourteenth Amendments of the U.S. Constitution and other applicable federal laws.

86.    "[I]t is . . . well settled that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 396 (1971).

87.    "Under long-established First Amendment law, governmental entities are 'strictly limited' in their ability to regulate private speech in public fora." *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2018) (citing *Pleasant Grove City, Utah v. Summum*, 555 U.S. 469 (2009)).

88.    Under Maryland's Open Meetings Act, the general public is entitled to attend public meetings in open session. MD GEN PROVIS §  3-303(a).

89.    A public meeting in open session is a public forum for First Amendment speech.

90.    On June 27, 2023, the Defendants acting under color of law on behalf of the School Board, met in closed sessions from 1:12 p.m. until 3:28 p.m. The School Board meeting reconvened in open session at 3:38 p.m. and adjourned the meeting at 9:00 p.m. While calling it an open session, Defendants only permitted selected guests and those who had previously signed up to speak during public comment to attend the open session meeting.

91.    The School Board willfully violated the Maryland Open Meetings Act by denying Mr. Foldi and Ms. Mandel the ability to attend the open session meeting held on June 27, 2023,

along with many other individuals supporting a platform critical of the reversal on opt-out options for parents. MD GEN PROVIS § 3-303(a).

92.     The Individual Members of the Board of Education for Montgomery County, acting under color of law, are vested with the authority to act under color of law to adopt educational policies, rules, and regulations for MCPS.

93.     The School Board is required by state law to conduct its business in public meetings and to allow members of the public to attend those meetings. MD GEN PROVIS § 3-303(a).

94.     Following the School Board's March 23, 2023, announcement that parents could not opt their children out of lessons that utilized LGBTQ-themed books, each school board meeting leading up to the discussion on June 27, 2023, saw increasing numbers of parents and community members attending the School Board's meetings and speaking out during public comment against the decision. This culminated in dozens of parents and community members holding a rally outside the Carver Educational Services Building before the June 6, 2023, meeting. In that meeting, most speakers during a public comment session criticized the School Board's decision.

95.     The rally on June 6, 2023, garnered significant national and local media attention.

96.     Because of the negative spotlight that was on MCPS for its decisions related to the opt-out policy, Defendants, as detailed above, and due to "the interest in the upcoming Board of Education meeting on Tuesday, June 27, 2023" announced that only guests and pre-selected speakers could attend the open session portion of the meeting.

97.     On June 27, 2023, Defendants, acting under color of law, as detailed above, conducted business in open session but did not allow Mr. Foldi, Ms. Mandel, or anyone other than those who were invited or signed up in advance to speak during public comment to attend.

98.     As a result, Mr. Foldi, Ms. Mandel, and others were denied the ability to gather in a designated public forum to listen to the School Board members speak and debate on *"Policy ABC, Parent and Family Involvement"* and denied the ability to assemble with other community members to oppose the MCPS's opt-out policy.

99.     Defendants Monifa McKnight, Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, while acting under color of law, deliberately and intentionally denied the Plaintiffs and others access to the open session meeting to prevent citizens from assembling to express their opposition to the viewpoints and actions of Defendants and to avoid media coverage thereof.

100.    Defendants, Monifa McKnight, Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, while acting under color of law, have not given any indication that they will refrain from unlawfully denying Plaintiffs and other members of the public access to open session meetings in the future.

101.    Because of the actions of Defendants Monifa McKnight, Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, while acting under color of law, denying Mr. Foldi and Ms. Mandel the right to attend a designated public forum. As a result, the Plaintiffs were denied their rights to listen to the School Board and petition their government for redress of grievances through their being able to assemble in a show of solidarity with other opponents of the School Board's opt-out policy.

102.    Mr. Foldi and Ms. Mandel are entitled to declaratory and injunctive relief against the Defendants in their individual and official capacities to prevent the School Board from continuing to violate their First Amendment rights.

103.     Mr. Foldi and Ms. Mandel are entitled to damages against the Defendants in their

individual capacity because the Defendants violated the Plaintiffs' First Amendment rights.

104.     The Defendants enjoy no qualified immunity for suit because their actions

constitute a violation under clearly established law, denying speech based on different viewpoints

under the First Amendment and in violation of state law.

**COUNT II**

**Violation of Matthew Foldi's and Bethany Mandel's Rights under the Maryland Open
Meeting Act
(as to the Board of Education for Montgomery County)**

105.     Mr. Foldi and Ms. Mandel repeat paragraphs 1-104.

106.     Under Maryland's Open Meetings Act, the general public is entitled to attend public

meetings in open session. MD GEN PROVIS §  3-303(a).

107.     On June 27, 2023, the School Board met in closed sessions from 1:12 p.m. until

3:28 p.m. The School Board reconvened in open session at 3:38 p.m. and adjourned the meeting

at 9:00 p.m. Only guests were permitted to attend the open session meeting.

108.     The School Board willfully violated the Maryland Open Meetings Act by denying

Mr. Foldi and Ms. Mandel the ability to attend the open session meeting held on June 27, 2023.

109.     The School Board has not indicated that they will not deny access to future open

public meetings.

110.     Mr. Foldi and Ms. Mandel are entitled to declaratory and injunctive relief to prevent

the School Board from continuing to violate the Maryland Open Meetings Act.

111.     Mr. Foldi and Ms. Mandel are entitled to damages in the amount of $1,000 each

under MD GEN PROVIS §  3-402(a)(2).

## COUNT III

### 42 U.S.C. §1983
#### Violation of Bethany Mandel's Rights under the First Amendment of the U.S. Constitution
#### (as to Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymbroeck)

112.    Ms. Mandel repeats paragraphs 1-111.

113.    "Under long-established First Amendment law, governmental entities are 'strictly limited' in their ability to regulate private speech in public fora." *Davison v. Randall*, 912 F.3d 666 (4th Cir. 2018) (citing *Pleasant Grove City, Utah v. Summum*, 555 U.S. 469 (2009)).

114.    Eberhart-Bliss, Filipiak, Knocke, Licare, Sawko, and Van Puymbroeck are the leadership team of the MCPS Staff Pride group, which is listed on the MCPS website as an official "Staff Affinity Group." The group's membership is limited to employees of MCPS, and those interested in joining are encouraged to email the leadership team at their MCPS email addresses.

115.    The MCPS Pride group's X account is a public forum for First Amendment purposes.

116.    The self-described purpose of the MCPS Pride group, as stated on its X account, is to provide "[r]esources & reminders for MCPS schools & offices." @PRIDEeducators, TWITTER (Nov. 1, 2023), https://twitter.com/PRIDEeducators. The MCPS Pride group's X account shares resources, reminders, events, and other commentary on LGBTQ education at MCPS.

117.    At all relevant times, the MCPS Staff Pride group's X account was controlled and managed by the leadership team, collectively or individually.

118.    At all relevant times, the MCPS Staff Pride group's X account was open for public discourse, whether by user "likes," "retweets," "quote tweets," or "replies."

119.    Ms. Mandel has used her X account to speak critically of MCPS as it relates to LGBTQ-themed books used in the curriculum, as well as MCPS's decision to eliminate parents' ability to opt their children out of lessons involving those books.

120.    Prior to June 27, 2023, as a result of Ms. Mandel's previous criticisms of MCPS and viewpoints as they related to LGBTQ-themed books and parental opt-outs, the MCPS Staff Pride group leadership, acting under the color of law, either collectively or individually, blocked Ms. Mandel from following or otherwise interacting with the MCPS Staff Pride group's X account.

121.    As a result of the MCPS Pride Staff group blocking Ms. Mandel from interacting with its X account, Ms. Mandel's First Amendment rights have been, and continue to be, violated.

122.    Ms. Mandel is entitled to declaratory and injunctive relief to prevent the MCPS Staff Pride leadership team Defendants, in their individual and official capacities, from continuing to violate their First Amendment rights.

123.    Ms. Mandel is entitled to damages from the MCPS Staff Pride group leadership team Defendants, in their individual capacities, for violating her First Amendment rights.

124.    The MCPS Staff Pride group, leadership team Defendants, enjoy no qualified immunity for suit in this matter because their actions constitute a violation under clearly established law.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiffs Matthew Foldi and Bethany Mandel respectfully request that the Court enter an Order against Defendants Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, and Monifa McKnight:

a.      For judgment in favor of Plaintiffs Matthew Foldi and Bethany Mandel and against Defendants Karla Silvestre, Brenda Wolff, Grace Rivera-Oven, Shebra

Evans, Lynne Harris, Julie Yang, and Rebecca Smondrowski, and Monifa McKnight;

b.      For injunctive and declaratory relief requiring the Defendants to cease all current and future violations of Mr. Foldi's and Ms. Mandel's rights under the First Amendment;

c.      For compensatory damages in a sum according to proof;

d.      For nominal damages, in the alternative to compensatory damages;

e.      For an award of reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

f.      For costs of suit herein; and

g.      For any other relief that the Court deems just and proper.

WHEREFORE, Plaintiffs Matthew Foldi and Bethany Mandel respectfully request that the Court enter an Order against Defendant Board of Education for Montgomery County:

a.      For injunctive and declaratory relief requiring the Board of Education for Montgomery County to cease all current and future violations of Mr. Foldi's and Ms. Mandel's rights under the Maryland Open Meetings Act; and

b.      For damages against the Board of Education for Montgomery County, including, but not limited to, the amount of $1,000 each under MD GEN PROVIS § 3-402, and for any other relief that the Court deems just and proper.

WHEREFORE, Plaintiff Bethany Mandel respectfully request that the Court enter an Order against Defendants Elicia Eberhart-Bliss, Gwen Filipiak, Chris Knocke, Kristi Licare, Shaun Sawko, and Holly Van Puymbroeck:

a.      For judgment in favor of Plaintiffs Matthew Foldi and Bethany Mandel and against Elicia Eberhart-Bliss, Gwen Filipiak, Chris Knocke, Kristi Licare, Shaun Sawko, and Holly Van Puymroeck;

b.      For injunctive and declaratory relief requiring Elicia Eberhart-Bliss, Gwen Filipiak, Chris Knocke, Kristi Licare, Shaun Sawko, and Holly Van Puymbroeck to cease and all violations of Mr. Foldi's and Ms. Mandel's rights under the First Amendment;

c.      For compensatory damages in a sum according to proof;

d.      For nominal damages, in the alternative to compensatory damages;

e.      For an award of reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

f.      For costs of suit herein; and

g.      For any other relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs Matthew Foldi and Bethany Mandel hereby demand a trial by Jury on all matters for which a Jury trial is permitted or allowed under applicable law.

Dated: November 13, 2023                    Respectfully submitted,

*/s/ Ian D. Prior*
IAN D. PRIOR (Bar No. 30683)
JULI HALLER (Bar. No. 18659)
America First Legal Foundation
611 Pennsylvania Avenue S.E. No. 231
Washington, D.C. 20003
(202) 964-3721
ian.prior@aflegal.org
juli.haller@aflegal.org